## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| ERIC PLAYER, | |
|       Plaintiffs, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| NORTHROP GRUMMAN CORPORATION, | Case No. 2:05CV753DAK |
|       Defendant. | |

This matter is before the court on Defendant Northrop Grumman Corporation's Motion for Summary Judgment and Plaintiff Eric Player's Cross Motion for Summary Judgment. The court held a hearing on these motions on August 30, 2006. At the hearing, Plaintiff was represented by Kenneth Parkinson, and Defendant was represented by Mark Gavre. The court took the motions under advisement. The court has carefully considered all pleadings and memoranda submitted by the parties, and the law and facts relevant to the parties' motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

## BACKGROUND

Player brought this case under ERISA for statutory penalties alleging that his employer, Northrop Grumman, failed to send him full copies of the applicable long-term disability policy he requested. Defendant moved for summary judgment and, in response, Plaintiff opposed the motion and filed his own motion for summary judgment.

1

Player was employed by Northrop Grumman from January 2002 to early April 2003. During his employment, Northrop Grumman provided disability coverage to its employees through short-term and long-term disability insurance policies from CIGNA.  In April 2003, Player had a seizure and resigned his employment.  On or about April 24, 2003, Player applied for disability benefits by completing a CIGNA group insurance application form.  CIGNA paid Player the full amount of his short-term disability benefits (six months), but denied his claim for long-term disability benefits.

Approximately two years later, on May 16, 2005, Player's counsel, Kenneth Parkinson, wrote to the "Leave Desk" at Northrop Grumman Information Technology in Hernbon, Virginia. The letter states as follows:

> I represent Eric Player in a disability claim.  Eric was a past employee of Northrop Grumman who qualified for short-term disability benefits under the Northrop Grumman plan administered by CIGNA.  CIGNA has yet to respond to his claim for long term disability benefits.  He has requested a copy of his short term and long term disability benefit policy.  I have reviewed it, and I am uncertain if it is completed [sic].  Will you please provide me with a complete copy of the policy in effect at the time Mr. Player became disabled.  Mr. Player became disabled on March 28, 2003, when he suffered a significant seizure attack while working for Northrop Grumman in Alaska.
>
> I would appreciate your prompt attention to this matter.  Also, let me know if I should direct this inquiry to someone else.  As you undoubtedly know, there are statutory penalties for failing to comply with a request to produce a policy.  Let me hear from you.

Northrop Grumman received the letter on May 24, 2005.  On May 31, 2005, Diana Robertson, Director of Human Resources at Northrop Grumman Information Technology, responded to Parkinson's letter stating that the benefits department was able to provide a copy of the document that was included with the letter.  The document sent to Parkinson was a summary of CIGNA's "Disability Insurance" that covered Player during the time of his employment.

2

Player acknowledges that this summary was more complete than the copies he had received from CIGNA, but complains that it was a summary rather than a full copy of the policy.  Robertson's letter also stated, "Please contact me if you need further assistance."  Neither Parkinson nor Player, however, contacted Robertson or anyone at Northrop Grumman again.

On August 8, 2005, Player filed an ERISA lawsuit against CIGNA seeking long-term disability benefits.  Three weeks later, on August 29, 2005, Player filed this lawsuit against Northrop Grumman for statutory penalties of $100 per day for its failure to provide him with complete copies of the disability policies Parkinson requested in the May 16, 2005 letter.

**DISCUSSION**

Northrop Grumman filed a motion for summary judgment asserting that Player is not entitled to statutory penalties for several reasons and, even if he is, the court , in its discretion should not award damages because Player did not act reasonably and has suffered no prejudice.  Player responded with his own motion for summary judgment, claiming that Northrop Grumman failed to comply with ERISA's disclosure statute and he is entitled to statutory penalties as a matter of law.  Parkinson's request was for a complete copy of the policies and Northrop Grumman responded by providing only a summary of the policy.  The material facts are undisputed, therefore, summary judgment is appropriate.

Northrop Grumman first argues that it is not the Plan Administrator and, therefore, Player's penalty claim fails as a matter of law.  Player alleges that Northrop Grumman violated 29 U.S.C. Section 1024(b)(4).  Section 1024(b)(4) requires a participant to request a plan document from the Plan Administrator and only the Plan Administrator can be subject to the statutory penalty for failing to provide the requested documents.  *Thorpe v. Retirement Plan of*

*Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1995).

The Plan Administrator is that person or entity designated as such under the Plan.  29 U.S.C. § 1002(16)(A)(i).  The Plan Administrator of the short-term and long-term disability plans was the Employer Welfare Benefits Committee.  Northrop Grumman was not the Plan Administrator.  Player did not submit his document request to the Plan Administrator, but to the Leave Desk at Northrop Grumman Information Technology.  More importantly, Player has not named the Plan Administrator as a defendant in the instant action.

Player contends that Northrop Grumman is the Plan Administrator within the meaning of ERISA under three different theories.  First, the plan administrator designated in the Summary Plan Description, the Employer Welfare Benefits Committee, is part of the Northrop Grumman corporate structure and is not a separate entity.  The committee is located at Northrop Grumman's corporate offices in Los Angeles, California.

However, making the corporation liable for ERISA penalties in this situation is contrary to controlling Tenth Circuit law.  In *McKinsey v. Sentry Ins.*, 986 F.2d 401 (10th Cir. 1993), the Tenth Circuit held that only a plan administrator may be liable for the ERISA penalty.  The *McKinsey* court stated that no other entity, not even the employer, can be liable for the penalty unless it is the designated plan administrator.

In *McKinsey*, the plaintiff sued his former employer alleging that the employer was liable for statutory penalties for failing to provide certain plan information.  The plaintiff argued that the designated plan administrator was one in name only and that the employer was the de facto administrator.  *Id.* at 404.  The *McKinsey* court expressly rejected such an expansive definition of a plan administrator.  *Id.* at 405.  The court stated that it disagreed "with the First Circuit's

4

assertion that permitting a plaintiff to bring a § 1132(c) claim against his or her employer as the de facto plan administrator is necessary to further congressional intent." *Id.* at 404.  The court concluded that "because [the employer] was not the plan administrator designated by the SERP [plan documents], plaintiff could not assert a § 1132(c) claim against [the employer]." *Id.* at 405.

This *McKinsey* court's analysis disposes of Player's claim in its entirety.  It is undisputed that Northrop Grumman is not the plan administrator.  It is, moreover, undeniable that the Tenth Circuit has considered and rejected the theory that an employer who is not the designated plan administrator can nonetheless be liable for statutory penalties.

Second, Player asserts that Northrop Grumman is a plan fiduciary within the meaning of 29 U.S.C. § 1002(21)(a) and is, therefore, subject to the ERISA disclosure requirements. Player's reliance on *Hernandez v. Prudential Ins. Co.*, 2001 WL 1152835 (D. Utah March 28, 2001), to assert that Northrop Grumman is a plan fiduciary, however, is misplaced.  In *Hernandez*, the plaintiff sued Prudential, the insurer of a group medical benefit plan, seeking documents that Prudential had relied on in denying his claim for benefits.  While the employer in that case was the plan administrator, Prudential retained control and discretion to deny or grant claims for benefits and appeals under the plan.  On that basis, the court determined that Prudential was a fiduciary and was required to produce the documents on which it had relied in denying the plaintiff's claim for benefits.  *Id.* at *2, 8.

In this case, the Employer Welfare Benefits Committee is the designated plan administrator and CIGNA is the designated plan fiduciary.  Therefore, while *Hernandez* would support a claim against CIGNA in this case for producing documents on which it relied to deny

Player's long-term disability benefits, it provides no support for Player's contention that Northrop Grumman is a fiduciary or liable for the ERISA penalty.

The fact that the Human Resources Director of a Northrop Grumman subsidiary (Northrop Grumman Information Technology) responded to plaintiff's counsel's request for information does not make Northrop Grumman Corporation a fiduciary.  The Tenth Circuit has explained that "even where 'company personnel other than the plan administrator routinely assume responsibility for answering requests from plan participants and beneficiaries . . . the statutory liability for failing to provide requested information remains with the designated plan administrator . . ., not with the employer or its other employees."  *Averhart*, 46 F.3d at 1489-90 (quoting *McKinsey*, 986 F.2d at 404-05).

In *Averhart*, the plan designated the "Employees Benefit Committee" as the plan administrator.  The plaintiffs claimed that the committee's secretary was liable for the ERISA penalty because he "acted as administrator, was the contact person for the [committee], and was responsible for (and took responsibility for) the tardy production of the requested documents.'" *Id.* at 1489.  The Tenth Circuit rejected the plaintiffs' argument, explaining that the plan's designation of the Employee's Benefit Committee was "conclusive" for purposes of the ERISA penalty even if the Committee's secretary functioned as the plan administrator as a practical matter.  *Id.*

Although Player asserts that the Employer Welfare Benefits Committee is merely part of the corporate structure, nothing in ERISA requires the Plan Administrator to be a separate corporate entity.  The plan administrator in *Averhart* was a committee similar to the committee in this case.  And, in *McKinsey*, the plan administrator was the employer's vice president of

human resources.  In both cases, the Tenth Circuit held that only the formally designated plan administrator could be liable for the ERISA penalty.

Finally, Player asserts that before he obtained the complete policies in November of 2005, he had no notice that a plan administrator had been designated, and the default ERISA rules state that the plan sponsor is the plan administrator in the absence of a specific designation. *See* 29 U.S.C. § 1002(16)(A)(i).  In this case, the plan sponsor is Northrop Grumman.  Player claims that it would be unfair to require him to sue an unknown entity for failure to provide documents when that entity was only identified in the requested documents that were not provided.

The default rules under ERISA, however, clearly states that when "the instrument under which the plan is operated" does not designate a plan administrator, the plan sponsor is the plan administrator.  29 U.S.C. § 1002(16)(A)(i), (ii).  In this case, the Summary Plan Description expressly designates the Employer Welfare Benefits Committee as the plan administrator. Accordingly, the default rules under ERISA do not apply.  The court concludes that there is no basis under controlling Tenth Circuit law for finding Northrop Grumman liable for the statory penalty.

Even if this court were to find a basis for applying the statutory penalty in this case, it has discretion in determining the proper amount.  When deciding whether to impose a penalty, the presence or absence of prejudice or bad faith "can certainly be taken into account by a district court in deciding whether to exercise its discretion and impose a penalty."  *Deboard v. Sunshine Min. and Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000) (holding district court did not abuse its discretion in choosing not to impose penalties on employer for violation of ERISA's

document disclosure requirements).

In this case, the facts demonstrate that  Player did not act reasonably with respect to the document request and he suffered no prejudice as a result of Northrop Grumman's response. Northrop Grumman's response was sent within a week of its receipt of the request.  The letter also invited Parkinson to contact Roberston if he needed further assistance.  Although Parkinson found the summary document inadequate, he never wrote or telephoned Robertson.  The lack of contact after the summary was sent gave Northrop Grumman no indication that Player or Parkinson found the response inadequate.  Because Northrop Grumman responded so quickly, there was sufficient time to rectify the inadequacies before the statutory time period expired if counsel had notified Northrop Grumman that the summary was inadequate.

Moreover, Player was not prejudiced by Northrop Grumman's response. Parkinson's letter indicated that he had already received copies of the policies from CIGNA in the dispute over long-tern disability benefits.  Player contends that he was disadvantaged in his ability to file a complaint against CIGNA for benefits because he did not have a full copy of the policy.  But Player filed his complaint against CIGNA in August 2005–only two months after Parkinson's letter to Northrop Grumman.  CIGNA did not move to dismiss the case because of general allegations, it merely answered the Complaint.  Player claims that the delay in fully litigating his claim with CIGNA amounted to months of otherwise unnecessary attorneys' fees.  But Player himself delayed two years in requesting the documents from Northrop Grumman.  That delay cannot be attributed to Northrop Grumman.  And, Player received a full copy of the policy as a result of this case by November 2005.  The court can take judicial notice of the docket in the CIGNA case and there is no specific evidence of delay in that litigation that could be attributed

to Northrop Grumman's failure to provide the requested documents.  Therefore, the court concludes that Player is not entitled to the ERISA penalty.  Accordingly, the court grants Northrop Grumman's motion for summary judgment and denies Player's motion for summary judgment.

### CONCLUSION

Based on the above reasoning, Defendant's Motion for Summary Judgment is GRANTED and Plaintiffs' Motion for Summary Judgment is DENIED.  This case is dismissed with prejudice, each party to bear his or its own costs.  The Clerk of Court is directed to enter judgment in favor of Defendant and against Plaintiff.

DATED this 31st day of August, 2006.

BY THE COURT

DALE A. KIMBALL
United States District Judge